```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )
                                 )
      v.                         )     No. 4:10 CR 390 AGF / DDN
                                 )
VERNON WILSON,                   )
                                 )
            Defendant.           )
```

**ORDER AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This action is before the court upon the pretrial motions of the parties which were referred to the undersigned United States Magistrate Judge under 28 U.S.C. § 636(b). An evidentiary hearing was held on September 23, 2010.

Before the court are the motions of defendant Vernon Wilson to suppress statements (Doc. 7, oral motion); to dismiss the indictment (Doc. 17); to exclude use of photographs at trial (Doc. 18); to disclose expert testimony (Doc. 19); to exclude prejudicial terms at trial (Doc. 20); and to produce grand jury materials (Doc. 21), law enforcement agents' rough notes (Doc. 22), and materials favorable to the defendant (Docs. 23, 24); and the motions of the government to determine the admissibility of arguably suppressible evidence (Docs. 8, 13).

### I.  MOTION TO DISMISS

Defendant moves to dismiss the indictment as constitutionally insufficient on its face, because it uses abbreviations to identify, and not the full names of, his "accusers."

To be legally sufficient on its face, the indictment must contain all the essential elements of each offense charged, fairly inform defendant of the charges brought against him, and allege sufficient information to allow him to plead a conviction or an acquittal as a bar to a future prosecution. Fed. R. Crim. P. 7(c)(1); Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Carter, 270 F.3d 731, 736 (8th Cir. 2001).

The motion to dismiss should be denied, because the indictment clearly identifies defendant's accuser as the "United States of America, plaintiff." (Doc. 1 at 1); United States v. Ferguson, 758 F.2d 843, 850 (2d Cir. 1985) (the grand jury is the barrier "interposed between the government as accuser and the citizen as the accused"). To the extent that defendant intends the term "accuser" to be other than the government, it is constitutionally unnecessary to name his accuser or accusers in the indictment, especially when their identities are otherwise known. United States v. Roberts, 408 F.2d 360, 361 (2d Cir. 1969); United States v. Johnson, 294 F. Supp. 190, 193 (E.D. Pa. 1968).

Unless due process is violated, the use of the victims' initials does not render an indictment constitutionally insufficient. United States v. Garrett, No. 4:08 CR 703 ERW, 2009 WL 1086974, at *4 (E.D. Mo. Apr. 22, 2009). Cf. United States v. Gay, 577 F.2d 465, 466 (8th Cir. 1978).

At the motion hearing, defendant's counsel stated that, although the indictment uses their initials to identify them, he is aware of the alleged victims' identities. Therefore, a bill of particulars is unnecessary to safeguard defendant's due process rights.

The undersigned has reviewed the allegations in the six counts of the indictment. Counts 1, 2, 3, and 4 allege violations of 18 U.S.C. § 242. The essential elements of these violations are: the defendant (1) under color of state law (2) wilfully (3) subjected another (4) to the deprivation of any right, privilege, or immunity secured or protected by the Constitution or laws of the United States. 18 U.S.C. § 242. Each of the four counts identifies the victim and describes the federal right at issue. Counts 5 and 6 allege violations of 18 U.S.C. § 1001. Each of these counts alleges the essential elements of that crime: the defendant (1) knowingly and wilfully (2) made (3) a material (4) false, fictitious, or fraudulent statement (5) in any matter within the jurisdiction of the United States. 18 U.S.C. § 1001(a). Each of these counts describes the matter within the jurisdiction of the United States and specifically describes the statement made by defendant.

Defendant's motion to dismiss the indictment (Doc. 17) should be denied.

## II.  PRETRIAL DISCOVERY

**Expert Testimony**

Defendant seeks an order compelling the government to disclose expert testimony at a reasonable time before trial (Doc. 19). The government responded that it is aware of and will comply with its obligation to disclose (Doc. 25). Therefore, this request is moot.

**Grand Jury Materials**

Defendant seeks an order for production of grand jury materials that are sufficient to verify that the members of the grand jury fairly represented a random cross-section of the community. (Doc. 21.) Defendant argues that the additional materials may provide him with additional grounds to move to dismiss the indictment. (Id.)

Federal Rule of Criminal Procedure 6 provides in relevant part:

> The court may authorize disclosure . . . of a grand-jury matter:
>
> * * *
>
> at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury.

See F. R. Crim. P. 6(e)(3)(E)(ii). A defendant must show a "particularized need" exists for such materials before they can be released. United States v. Broyles, 37 F.3d 1314, 1318 (8th Cir. 1994); United States v. Warren, 16 F.3d 247, 253 (8th Cir. 1994).

Defendant has not provided any information regarding a specific need for the grand jury materials, or any facts supporting his concerns. Rather, his motion is based on his speculation that the grand jury process in this case may have been somehow deficient.

Accordingly, his request for grand jury materials is denied.

**Law Enforcement Agent's Rough Notes**

Defendant seeks production of Federal Bureau of Investigation Special Agent Patrick D. Cunningham's rough notes of his January 2, 2009

interview with defendant.  (Doc. 22.)  Federal Rule of Criminal Procedure 16(a) provides in relevant part:

> Upon a defendant's request, the government must disclose to the defendant, and make available to inspection, copying, or photographing . . .
>
> * * *
>
> the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent.

See F. R. Crim. P. 16(a)(1)(B)(ii).

The record indicates that the government furnished defendant with a formal report (FBI 302 report) of his interview. The government maintains that the FBI 302 report is accurate and complete. Defendant's prior counsel was present during the defendant's interview. Defendant now makes no allegation that the FBI 302 report is inaccurate or incomplete.

In any event, defendant is not entitled to the agent's rough notes of defendant's interview statements, because such rough notes are the agent's impressions of the statements and are not the statements themselves. See United States v. Brown, 303 F.3d 582, 589-92 (5th Cir. 2002); United States v. Muhammad, 120 F.3d 688, 699 (7th Cir. 1997). Cf. United States v. Weekly, 118 F.3d 576, 580 (8th Cir. 1997) (government not required to disclose an agent's rough notes from an interview with a co-defendant, because such rough notes are the agent's impressions of the interview and not the statement of the interviewee); United States v. Malone, 49 F.3d 393, 396 (8th Cir. 1995) (same).

This motion will be denied.

**Law Enforcement Investigation and Disciplinary Action**

Defendant seeks production of materials relating to any law enforcement investigation and disciplinary action, or lack thereof, regarding certain corrections officers who may have witnessed defendant committing criminal acts or also participated in such acts. (Doc. 23.) Defendant argues that these materials are discoverable under Kyles v. Whitley, 514 U.S. 419 (1995), and Brady v. Maryland, 373 U.S. 83 (1963).

The government maintains that it has furnished all such information to defendant. (Doc. 25.) At the hearing, defendant's counsel stated that he has received discovery materials from the government, and is in the process of examining the materials.

Accordingly, defendant's motion will be denied as moot without prejudice.

**Material Favorable to Defendant**

Defendant moves for production of materials favorable to him, including materials regarding possible bias of government witnesses and materials which would undermine the credibility of government witnesses. (Doc. 24.) Defendant argues that these materials are discoverable under Brady v. Maryland and Giglio v. United States, 405 U.S. 150 (1972).

The government states that it has and continues to comply with its obligations under Brady and Giglio to disclose to defendant material that would be favorable to him. (Doc. 25.) Therefore, defendant's motion will be denied without prejudice.

At the hearing, defendant identified a report prepared by an investigator that was disclosed by the government. The report contains four attached exhibits, which may have inadvertently been misplaced or not disclosed. The government has no objection to providing defendant with an additional copy of those exhibits. Therefore, the government is directed to provide defendant with additional copies of the subject exhibits as soon as practicable.

### III. MOTION TO SUPPRESS EVIDENCE

Defendant has moved to suppress evidence (Doc. 7, oral motion) and the government has moved for a determination by the court of the admissibility of arguably suppressible evidence (Docs. 8, oral motion, and 13). From the evidence adduced at the hearing, the undersigned makes the following findings of fact and conclusions of law:

**FACTS**

1.  On January 2, 2009, Federal Bureau of Investigation Special Agent Patrick Cunningham interviewed defendant Vernon Wilson at the

office of Wilson's attorney, Stephen Bigge (phonetic spelling), in Hillsboro, Missouri. The interview was arranged at the suggestion of defendant Wilson, which led to a December 30, 2008 telephone conference call that included Agent Cunningham, attorney Bigge, defendant Wilson, United States Department of Justice attorney Michael Kory, and Douglas Prebil, an attorney with the Missouri Attorney General's office. Mr. Bigge stated that a condition of the interview would be that Eric Thomas, an investigator with the Missouri Attorney General's office, not be present during the interview, because the Missouri Attorney General's Office was then conducting an investigation of Mr. Wilson. Also, Mr. Bigge stated that Mr. Wilson would not discuss the Jonathan Garrett matter. During this conference phone call, the January 2, 2009 interview date, time, and place were agreed to by Wilson, Bigge, and Cunningham. 2. Present during the interview on January 2, 2009, were only defendant Wilson, attorney Bigge, and Agent Cunningham. Investigator Thomas was not present. At the beginning of the interview, Agent Cunningham stated to Wilson that he was not under arrest, that he was not indicted, and that the statement was a voluntary one. During the interview, Agent Cunningham asked Wilson about matters other than the matter involving Jonathan Garrett. Wilson made oral statements to Agent Cunningham. The interview lasted approximately one hour, when it was ended by attorney Bigge. At no time during the January 2, 2009, interview was Vernon Wilson placed under arrest.

3. The indictment in this case was filed on July 15, 2010.

**DISCUSSION**

The motion to suppress evidence should be denied. The subject matter of the motion and the hearing are defendant Wilson's oral statements to Agent Cunningham during the interview of January 2, 2009.

The government has the burden of establishing the constitutional admissibility of a defendant's statements by a preponderance of the evidence. Colorado v. Connelly, 479 U.S. 157, 168 (1986); Lego v. Twomey, 404 U.S. 477, 489 (1972). The admissibility of a defendant's statements depends upon whether the statements are constitutionally voluntary, Connelly, 479 U.S. at 163-67; and, when the statements are

made during police interrogation while the defendant was in custody, whether the defendant had been advised of his Miranda rights to remain silent and to counsel; and, if so, whether the defendant knowingly and voluntarily waived the rights, North Carolina v. Butler, 441 U.S. 369, 373, 375-76 (1979). The admissibility of statements does not require that they be preceded by an advise of rights, if the person who made the statements was not in custody when the oral statements were made. Miranda v. Arizona, 384 U.S. 436, 444-45, 467-68, 478 (1966).

The record is clear that Agent Cunningham did not advise defendant of his constitutional rights to remain silent and to counsel pursuant to Miranda v. Arizona. However, defendant was not in custody when he was interviewed on January 2, 2009. The interview was arranged at defendant Wilson's personal suggestion. It was conducted on a date and at a time of his agreement. It was conducted in the office of his attorney, with his attorney present. Defendant's attorney restricted the subject matter of the interview. At no time was defendant arrested or and no evidence indicated that his freedom of movement was restricted during the interview. United States v. Johnson, --- F.3d ---, 2010 WL 3385235, at *5-6 (8th Cir. 2010) (stating relevant factors for determining whether interviewee was in custody for Miranda purposes).

Finally, defendant's statements to the agent on January 2, 2009 were voluntary. Statements are constitutionally involuntary if they are the result of government overreaching, such as mental or physical coercion, deception, or intimidation. Connelly, 479 U.S. at 167; Moran v. Burbine, 475 U.S. 412, 421 (1986). The agent made no threat, promise, or offer of violence to overbear defendant's ability to decide to stop making statements. United States v. Estey, 595 F.3d 836, 839 (8th Cir. 2010). The interview ended when defendant's attorney so directed.

### IV. CONCLUSION

For the reasons stated above,

**IT IS HEREBY RECOMMENDED** that the oral motion of defendant to suppress evidence (Doc. 7) be denied.

**IT IS FURTHER RECOMMENDED** that the motions by the government for determination by the court of admissibility of arguably suppressible evidence (Docs. 8, 13) be denied as moot.

**IT IS FURTHER RECOMMENDED** that the motion of defendant to dismiss the indictment (Doc. 17) be denied.

**IT IS HEREBY ORDERED** that the motion of defendant to exclude photographs as evidence (Doc. 18) is deferred to the district judge for ruling at trial.

**IT IS FURTHER ORDERED** that the motion of defendant for disclosure of expert testimony (Doc. 19) is denied without prejudice.

**IT IS FURTHER ORDERED** that the motion of defendant to exclude use of the word "victim" (Doc. 20) be deferred to the district judge for ruling at trial.

**IT IS FURTHER ORDERED** that the motion of defendant to produce grand jury materials (Docs. 21) is denied.

**IT IS FURTHER ORDERED** that the motion of defendant to produce Agent Cunningham's rough notes (Doc. 22) is denied.

**IT IS FURTHER ORDERED** that the motions of defendant to produce materials favorable to the defendant (Docs. 23, 24) are denied without prejudice.

**IT IS FURTHER ORDERED** that the government safeguard Special Agent Cunningham's rough notes of the January 2, 2009 interview of defendant.

The parties are advised they have until November 2, 2010, to file written objections to this Order and Recommendation. The failure to file timely written objections may result in a waiver of the right to appeal issues of fact.

　　　　　　　　　　　　　　　　　　/S/   David D. Noce
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

Signed on October 19, 2010.