IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>VERNON WILSON,  )<br>)<br>Defendant.  )<br>) | CASE NO. 4:10CR000390AGF |

---

## UNITED STATES' PROPOSED VOIR DIRE

COMES NOW the United States of America, by Thomas E. Perez, Assistant Attorney General for the Civil Rights Division of the U.S. Department of Justice, through Fara Gold and Patricia A. Sumner, prosecutors for the Civil Rights Division, and respectfully submits the following questions for the Court to include in its voir dire of the venire:

### PROPOSED VOIR DIRE QUESTIONS

**I. Relationship with Government**

1. Have you or any of your relatives or close friends ever had any unfavorable dealings or involvement with the United States Government, the IRS, the FBI, the U.S. Department of Justice, or the United States Attorney's Office?

If so, what was the nature of the dealings or involvement and when did they occur?

2. Have you or has a relative or a close friend ever been accused of a crime, been the victim of a crime or been a witness to a crime?

If so, when did the incident occur and would you describe your interactions with the police and the prosecutors or other government officials as mostly positive or mostly negative?

**II.  Knowledge of the Case**

    1.  This is a criminal case.  The defendant, Vernon Wilson, has been charged in an Indictment with violating federal criminal laws.  This case arises out of an four incidents that occurred at the Washington County Jail in Potosi, Missouri, and the four incidents involved inmates at the jail by the name of Jimmy Todd, Jonathan Garrett, Gary Gieselman, and William Hawkins.  The Indictment alleges that the defendant, while working as a corrections officers at the jail, either assaulted or caused the assaults of these four inmates.  Has any member of the panel heard or read anything about this case in the newspaper, on television or radio or from any other media source?

    2.  Have you discussed any aspect of this case with anyone who claimed to have some knowledge of what actually occurred or to have heard something about the case?  With whom and under what circumstances?

    3.   Have any of you heard or read anything about the jail or the Washington County Sheriff's Department?  If so, what have you heard or read?  Would anything you have heard or read influence your decision-making as a juror?

    4. Do you know or recognize the names of the following individuals who may testify or be referred to during the course of the trial? (Read *United States' Potential Witness List)*

**III. Relationship to Law Enforcement**

    1.  Have you or has a relative or close friend ever been employed or worked in a law enforcement agency such as a police department, a sheriff's office, the state police, a federal law enforcement agency, a jail, prison or other custodial facility, the military police, a private security company, a prosecutor's office or a probation department?

If so:

    a)   What is or was the nature of that employment?

    b)   Were you or was your relative or close friend ever required to use physical force or a firearm in connection with this employment?

    c)   Were you or your relative or close friend ever injured in the line of duty? Were you or was your relative or close friend ever a party to a lawsuit arising out of such employment?

2. Have you or has a relative or close friend ever belonged to any law enforcement or police auxiliary organization or any organization that supports or provides services for law enforcement agencies or officers?

3. In this case, you may hear testimony from current or former law enforcement officers from various jurisdictions. They include the Washington County Sheriff's Department and the Federal Bureau of Investigation. Have you or any of your relatives or close friends ever had any dealings with any of these agencies?

4. Have you or has a relative or close friend ever had an experience with law enforcement officers that has caused you to have a strong feeling for or against law enforcement officials?

5. Would the fact that a witness was a law enforcement officer lead you to give either greater or lesser weight to his or her testimony?

**IV. Concerns Related to the Nature of the Charges**

1. At the time of the acts alleged in the Indictment, the defendant was working as a corrections officer in the Washington County Jail, also referred to as the jail. The victims in this

case – Jimmy Todd, Jonathan Garrett, Gary Gieselman, and William Hawkins were in custody at the jail.

    a) Do you believe that incarcerated people still maintain certain protections under the Constitution?

    b) Do you believe that the job corrections officers perform is so difficult, stressful and important that it is wrong for the government or the courts to second-guess an officer by prosecuting him or her for misconduct on the job?

    c) If the United States proves its case against the defendant beyond a reasonable doubt, will you hesitate to return a verdict of guilty because the defendant was a corrections officer and the victims were in jail?

    d) Would the fact that a witness was an inmate lead you to give either greater or lesser weight to his or her testimony?

    e) Do you believe there are any circumstances under which corrections officers do not have to obey the law like everyone else? If so, describe those circumstances.

    f) Do you believe that corrections officers convicted of wrongdoing should be treated ether more severely or less severely than others because of his or her position? Which? Why?

2. Do you agree with the principle that the law limits the amount of force law enforcement officers, including corrections officers, are permitted to use against people who are in custody?

3. It is a principle of law that corrections officers are allowed to use force to defend themselves or others from injury, to prevent an escape from custody, or in a good faith effort to

4

maintain and restore discipline, but they are <u>not</u> allowed to use physical force against a person in a jail just to punish the person or because the person has made the officer angry.  Are there circumstances under which you believe that corrections officers <u>should</u> be allowed to use physical force against someone in jail because the person has angered a corrections officer?  If so, what are those circumstances?

    4.  Do any of you feel that the federal government should not be involved in prosecuting state or local law enforcement officers, including corrections officers, in cases involving allegations of excessive force?

**V.  General Issues**

    1.  To admit to having some sympathy for the defendant, the victim, or the United States in this case is nothing to be ashamed of and does not reflect badly upon you as a person.  However, the law provides that the jury may not be governed by sympathy, prejudice, or public opinion.  With this in mind, do you know of any reason why you would be unable to give either the United States or the defendant a fair trial based solely on the evidence submitted at trial and the instructions given by the Court?

    2.  Do any of you have any convictions (moral, religious, philosophical, or otherwise) that would prevent you from being a fair and impartial juror in this case or that would make it difficult for you to sit in judgment of the defendant?

    3.  Can you think of any other matter that I have not asked about that would have some bearing on your qualifications to sit as a juror in this case or which may prevent you from rendering a fair and impartial verdict?

    The United States hereby submits this Proposed Voir Dire for the Court's consideration.

Respectfully submitted this 18th day of February, 2011.

                                      Respectfully submitted:

                                      THOMAS E. PEREZ
                                      Assistant Attorney General
                                      Civil Rights Division

                                      /s/ *Fara Gold*
                                      FARA GOLD
                                      PATRICIA A. SUMNER
                                      Trial Attorneys
                                      U.S. Department of Justice
                                      Civil Rights Division, Criminal Section
                                      601 D Street NW #5200
                                      Washington, DC 20530
                                      (202) 514-3204
                                      (202) 514-8336 FAX
                                      fara.gold@usdoj.gov
                                      patricia.sumner@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2011, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Burton H. Shostak, Attorney for the Defendant
bshostak@shostaklawfirm.com, jmaggart@shostaklawfirm.com

                                            */s/ Fara Gold*
                                            Fara Gold
                                            Trial Attorney
                                            U.S. Department of Justice
                                            Civil Rights Division, Criminal Section