UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CR00390AGF |
| | ) | |
| VERNON WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER REGARDING RESTITUTION AMOUNT

Following a conviction on all counts of the indictment, the Court held a sentencing hearing on July 13, 2011, and entered Judgment. (Doc. No. 97.) In connection with the sentencing hearing, the victim of Count III, G.G., requested restitution in the amount of $69,855.43. Of this amount, $13,243.43 was for actual unpaid medical bills, and the balance was an estimate for psychological counseling and the cost for necessary, future dental treatment to repair the injury.

Rather than proceed with an estimate, the United States requested that the Court enter a partial order of restitution, and set a date for final determination of the restitution amount. The Court granted this request, and entered a partial restitution order in the amount of $13,243.43; pursuant to 18 U.S.C. § 3664(d)(5), the Court set a date for final determination of the full restitution amount.

On October 3, 2011, prior to the scheduled supplemental hearing date, the United States filed a motion to continue the hearing, to permit receipt of a more definitive

estimate from the doctor for the dental treatment. (Doc. No. 113.) In its motion, the United States also withdrew its request for restitution for G.G.'s psychological counseling, because he has not incurred any out-of-pocket expenses.

The United States thereafter filed a Supplemental Notice (Doc. No. 116), setting forth an estimate of the cost for dental work the victim G.G. requires, in the amount of $31,129.[1] This information, which reflects an estimate that is less than the amount requested at the sentencing hearing, was provided to defense counsel. The Court thereafter held a telephone conference with counsel regarding scheduling. At that time, the probation officer advised the Court and counsel that he had spoken with the doctor and confirmed the amounts. Counsel for Defendant advised the Court that a further hearing, with Defendant present, was not necessary. Defense counsel agreed that any further information could be presented in writing by October 7, 2011, and the parties agreed that the Court would then determine the matter based upon the evidence and the parties' filings. Defendant did not file any further response by the agreed deadline.

The Court finds that the United States has met its burden to establish the amount of restitution owed to G.G., by a preponderance of the evidence. Based on the evidence presented, including the testimony and evidence presented at trial regarding the injury to G.G., the Court finds with respect to Count III that G.G. is entitled to restitution in the

---

[1] The amount in the Supplemental Notice was actually $31,131. However, the computation in the estimate was in error, and the figures provided by the doctor, which amounts the probation officer confirmed with the doctor, actually total $31,129.

total amount of $44,372.43, which amount includes the $13,243.43 previously Ordered by the Court, and the additional amount of $31,129.

Accordingly, the Court shall enter an Amended Judgment, ordering restitution, payable to G.G., in the total amount of $44.372.43, which obligation is joint and several with Valeria Wilson Jackson in Docket No. 4:10CR00381 ERW.

 

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of October, 2011.